PER CURIAM.
This disciplinary proceeding is before us on the complaint of The Florida Bar and the report of the referee recommending that respondent, Emmett A. Moran, he found guilty of professional misconduct and suspended for a period of four months with proof of rehabilitation required. The referee further recommends that respondent obtain substance abuse counseling. The Florida Bar asks that we adopt the referee’s findings and recommendations. Respondent argues that there is no evidence to support the referee’s finding that respondent “was under extreme mental and physical pressures due to health difficulties and self induced indulgences that prohibited him from exercising sound judgment” and, consequently, no basis for the recommendation that respondent obtain substance abuse counseling.
The referee recommended in pertinent part as follows:
I recommend that the Respondent be found Guilty and specifically that he be found Guilty of violating the following Integration Rules of The Florida Bar and/or Disciplinary Rules of the Code of Professional Responsibility, to-wit:
Florida Bar Integration Rule Article XI, Rule 11.02(3)(a)
Code of Professional Responsibility Disciplinary Rule, 1-102(A)(5), for conduct prejudicial to the administration of justice and
Disciplinary Rule 7-102(A)(5) for knowingly making a false statement of law or fact to the Court.
4. I recommend that the Respondent be suspended for a period of four (4) months and thereafter until he shall prove his rehabilitation as provided in Rule 11.10(4). I further recommend that the Respondent obtain substance abuse counseling.
Examination of the record shows that there is only one reference to substance abuse by respondent. During cross *1090 examination of Judge Salfi on respondent’s misrepresentation to his court, the following exchange occurred:
Q And the only issue, then, is the fact that in Mr. Moran’s Motion For Hearing, he had either misstated or misrepresented the fact that he had previously, some 10 to almost 11 years before, had represented this client. Is that correct?
A Okay, that is — that’s one of the things, and that is correct.

There was another thing, I think, with regard to his demeanor at the time, and the odor of alcohol on his breath, on that particular hearing that caused me some concern.

Q That’s not before us today, so I would respectfully request you stay within the bounds of the hearing today. (Emphasis supplied.)
On redirect, there was no attempt to further explore the underlined testimony nor was there any charge or evidence before the referee that respondent had abused alcohol or other substances. We reject the Bar’s argument that we should defer to the referee, as the finder of fact, because the referee made the disputed finding based on direct observation of respondent’s demean- or and testimony. On the record before us we are constrained to agree with the respondent that there is simply an absence of evidence to support the referee’s recommendation on this issue. In the absence of any evidence or findings that would support the recommendations, we decline to require that respondent obtain substance abuse counseling.
We approve the referee’s recommendation that respondent be found guilty of violating Florida Integration Rule, article XI, Rule 11.02(3)(a) (commission of an act contrary to honesty); Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(5) (conduct prejudicial to the administration of justice), and 7-102(A)(5) (knowingly making a false statement of law or fact to a court). We also approve the portion of the referee’s recommendation that respondent be suspended for a period of four months with proof of rehabilitation required as provided in Rule 11.10(4). The suspension will take effect on February 25, 1985.
Judgment for costs in the amount of $842.42 is hereby entered against respondent, for which let execution issue.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN and SHAW, JJ., concur.